CHARLES O. GLOYD *vs.* WILLIAM A. DAVIS.

Hampshire.   December 4, 1912. — March 31, 1913.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Summary Process for Possession of Real Estate.   Landlord and Tenant.*

In a summary process under R. L. c. 181 for the possession of certain land, there
was oral evidence that by an unrecorded deed, which had disappeared, one who
owned the land had conveyed it to the defendant in consideration of support,
reserving to himself a life interest therein, and that he still was living.   The
defendant was in possession of the land and the plaintiff claimed the right
to possession under a written lease given to him by the defendant's grantor
after his deed to the defendant.   *Held,* that the defendant was not entitled to
have a verdict ordered for him, as the evidence warranted a finding that the
deed gave him no right of occupation during the life of the grantor, and that,
if he had been a tenant at will under an oral agreement with his grantor,
such tenancy was ended by the written lease to the plaintiff.

SUMMARY PROCESS under R. L. c. 181 for the possession of cer-
tain land in the town of Goshen.   Writ in the District Court of
Hampshire dated August 31, 1911.

On appeal to the Superior Court the case was tried before
*Fessenden,* J.   It appeared that the plaintiff held a lease from one
John K. Fuller dated August 22, 1911, under which he claimed the
right to occupy the land, which was in the possession of the de-
fendant; that in May, 1911, Fuller executed and delivered to the
defendant a deed of the property in consideration of an agreement
by the defendant, as Fuller testified, to board and clothe Fuller
during his lifetime; and that the deed had disappeared.   Fuller
and a deputy sheriff, who drew the deed, both testified for the
plaintiff that Fuller had reserved to himself a life estate in the
property.   The defendant testified that although Fuller "reserved
to himself the right to live there as long as he lived," the defendant
"was to have the control and all benefit from his property."

At the close of the evidence the defendant asked the judge
to order a verdict for the defendant.   The judge refused to do this,
and the jury returned a verdict for the plaintiff for the possession
of the premises.   The defendant alleged exceptions.

The case was submitted on briefs.

*W. J. Reilley,* for the defendant.

*W. L. Stevens,* for the plaintiff.

LORING, J. If Fuller's deed to the defendant did not give him a right of occupation and did reserve a life estate in Fuller, the defendant was not entitled to a verdict as matter of law. In case of such a deed (there being no evidence of a written lease to the defendant outside the deed), the defendant at the most was a tenant at will, his right of occupation was ended by the written lease to the plaintiff, and this action was well brought under R. L. c. 181.

The evidence warranted a finding that Fuller's deed to the defendant did not give him a right of occupation and did reserve a life estate in Fuller.

*Exceptions overruled.*